UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA THAYER,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIN COUNTY SUPERIOR COURT,<br><br>    Defendant. | Case No. 18-cv-01505-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 16, 28 |

Defendant's motion to dismiss the first amended complaint is scheduled for a hearing on November 2, 2018. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument. For the reasons set forth below, the Court DENIES the motion, except to the extent plaintiff is seeking to bring a claim under California Civil Code § 54.8. The Court GRANTS plaintiff's request to file a supplemental declaration.

The Court schedules an initial case management conference for **2:30 p.m. on November 16, 2018**. The parties shall file a joint case management conference statement no later than **November 9, 2018**.

## BACKGROUND

On March 9, 2018, plaintiff Cynthia Thayer filed this lawsuit against defendant Marin County Superior Court ("Superior Court"). Plaintiff filed a first amended complaint ("FAC") on July 29, 2018. The following facts are alleged in the FAC.

Plaintiff has no hearing in one ear and is profoundly deaf in the other ear. FAC ¶ 7. Plaintiff alleges that she is a "qualified person with a disability" and a "disabled person" as those terms are defined under the law. "Plaintiff has significant difficulty understanding speech and has

relied on real-time captioning in group settings where multiple people speak. It is Plaintiff's preferred method of communication for events of a discussion." *Id*. ¶ 9. Plaintiff alleges that real-time captioning "affords her effective communication in a courtroom setting where multiple people are speaking." *Id*. ¶ 10.[1]

Plaintiff was a party to a lawsuit to dissolve her marriage in *Stanley Dempers Nel v. Cynthia Thayer-Nel*, case number FL-1504227, filed in the Superior Court. *Id*. ¶ 11. Plaintiff and her former husband jointly owned assets and the dissolution of her marriage would resolve the issue of how those assets would be divided. *Id*. ¶ 12. Plaintiff alleges that she requested, and the Superior Court granted, real-time captioning as an accommodation for her disability. *Id*. ¶ 13. However, plaintiff alleges that on three different occasions (April 5, 2016, September 8, 2016, and January 20, 2017), "the Court failed to provide real-time captioning despite knowing that Plaintiff would not understand the proceedings." *Id*. ¶¶ 14-16.

The FAC does not provide any details about the April 5, 2016 court appearance. The September 8, 2016 court appearance was a settlement conference. *Id*. ¶ 15. Plaintiff alleges that the Superior Court provided her with court minutes as a substitute for real-time captioning, but that "[t]he minutes did not contain the details of the discussion to resolve the matter." *Id*. The FAC alleges,

> At that proceeding, the Court informed Ms. Thayer that if she felt that she could not understand, "then we'll have to reconvene and you'll have to bring a court reporter . . ." The Court further told Ms. Thayer, "because this is a settlement conference, it's a voluntary appearance, and it's not a situation where the Court is required to provide any services." Ms. Thayer expressed her concern by stating that although she is a world-class lip reader, it would put her at a huge disadvantage because she would be worried about what she is missing.

*Id*. Finally, for the January 20, 2017 court appearance, plaintiff alleges that "Ms. Temperani-Moline, the Access Coordinator for Defendant, blamed the attorneys for moving the matter from

---

[1] "Real-time transcription, also known as videotext display or close captioning, is a computer-aided transcription device that converts typing from the court reporter's stenographic machine into English language text displayed on a computer screen." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1129 n.1 (9th Cir. 2001) (reversing district court and holding factual issues precluded summary judgment on hearing-impaired litigant's claims that he was denied effective communication during court proceedings when he was denied real-time captioning and provided instead with an assistive audio system).

2

1    one courtroom to another for a meet and confer with the assistance of Judge Wood. Ms.
2    Temperani-Moline claimed that the real-time captioner was unable to follow Plaintiff because her
3    primary duty was to serve as a court reporter in the courtroom where the matter started." *Id*. ¶ 16.

Plaintiff alleges that the Superior Court's failure to provide real-time captioning for plaintiff "reflects a policy of failing to designate a specific person for real-time captioning who is not responsible for court reporting, and reflects an unwillingness to make the effort for effective communication for those who are deaf or hard of hearing." *Id*. ¶ 17. Plaintiff alleges that she has been denied access to the Superior Court on the basis of her disability. *Id*. ¶ 18. Plaintiff alleges that because of her inability to understand the proceedings, she believes she lost $12,000 in assets to her husband because she was unable to correct a misunderstanding by the Court. *Id*. ¶ 19.

The FAC alleges four causes of action: (1) Violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*; (2) Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (3) Violation of California Government Code Section 11135; and (4) Violation of the California Disabled Persons Act, Cal. Civ. Code § § 54.1 *et seq*. The FAC seeks declaratory and injunctive relief, damages, attorneys' fees, and any other relief that is appropriate.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2), and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*,

3

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

Generally, the court may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). However, the court may take judicial notice of some public records, including the 'records and reports of administrative bodies.'" *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (citing *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir.1953)). The court may not take judicial notice of facts in the public record that are subject to reasonable dispute. *Lee*, 250 F.3d at 690.

**DISCUSSION**

**I. Failure to State a Claim**

Defendant moves to dismiss the FAC without leave to amend. Defendant contends that plaintiff has failed to state a claim under the ADA, Rehabilitation Act, and California Government Code section 11135 because plaintiff was not actually denied effective communication, and/or the Superior Court did not deny plaintiff's request for real-time captioning on the basis of plaintiff's

4

disability. Defendant requests that the Court take judicial notice of court minutes and transcripts of various hearings, including the three court appearances mentioned in the FAC. Defendant argues that these documents show, *inter alia*, that the Superior Court did hire a court reporter to perform real-time captioning for plaintiff's April 5, 2016 court appearance, but the reporter called in sick; that the transcript for the September 8, 2016 settlement conference shows that plaintiff understood the proceedings; and that the Superior Court provided a court reporter on January 20, 2017, but plaintiff and her counsel decided not to proceed with the case progress conference before Judge Adams as originally scheduled, and instead decided to move to another courtroom to meet and confer with another judge, and the court reporter could not travel to the other courtroom.

In order to state a claim under the ADA, Section 504, and California Government Code section 11135, plaintiff must allege that: (1) she is a "qualified person with a disability"; (2) she was either excluded from participation in or denied the benefits of the Superior Court's programs, services or activities, or was otherwise discriminated against by the Superior Court; and (3) such exclusion, denial of benefits, or discrimination was on the basis of her disability (or, for the Section 504 and section 11135 claims, "solely" on account of her disability). *See Duvall*, 260 F.3d at 1135-36.[2]

The Court finds that defendant's factual arguments are premature, and that the Court cannot conclude at this stage of the litigation that plaintiff has not stated a claim. Defendant asks the Court to draw inferences from the court minutes and transcripts to conclude that plaintiff was in fact provided with effective communication, or that the failure to provide real-time captioning was either due to plaintiff's actions (by going to a different courtroom) or through no fault of the court (such as the sick court reporter). Defendant may ultimately be correct that the Superior Court complied with its obligations to provide plaintiff with reasonable accommodations and effective communication during her court appearances. However, plaintiff has alleged that she

---

[2] Government Code section 11135 "is identical to the Rehabilitation Act except that the entity must receive State financial assistance rather than Federal financial assistance." *Y.G. v. Riverside Unified Sch. Dist.*, 774 F.Supp.2d 1055, 1065 (C.D. Cal. 2001). "Section 11135 is also coextensive with the ADA because it incorporates the protections and prohibitions of the ADA and its implementing regulations." *Bassilios v. City of Torrance*, 166 F.Supp.3d 1061, 1084 (C.D. Cal. 2015).

5

requires real-time captioning to have effective communication during court appearances, and she alleges that she was denied that accommodation on three occasions. These allegations state a claim for violation of the ADA, the Rehabilitation Act, and section 11135. *See Duvall*, 260 F.3d at 1135-38 (describing fact-intensive nature of inquiry regarding whether a court should have provided real-time captioning and whether alternatives were sufficient).

**II.     Judicial Immunity**

Defendant contends that the Superior Court is not liable for any claims based on the April 5, 2016 hearing and the September 8, 2016 settlement conference because Judge Adams and Judge Wood are entitled to absolute judicial immunity. Defendant states that on April 5, 2016, after the assigned court reporter called in sick, Judge Adams "worked with Plaintiff to see if an acceptable alternative accommodation could be made if Plaintiff wanted the hearing to go forward. She made this decision in her official capacity. . . . Similarly, when Plaintiff appeared before Judge Wood, Judge Wood determined that the matter could proceed without a real time reporter, discussed the options with Plaintiff, and gave Plaintiff the option of reconvening at another time." Motion at 19 (Dkt. No. 16).[3] Defendant argues that because the judges are immune, the Superior Court cannot be liable for the judges' actions.

Plaintiff responds that it was the Superior Court's access coordinator who made the decisions regarding plaintiff's accommodations, and that any decisions about plaintiff's accommodations were ministerial in nature, not judicial.

In *Duvall*, the hearing-impaired plaintiff sued a judge, a county, and county administrators alleging that the defendants failed to accommodate his hearing disability during state court proceedings involving the dissolution of his marriage. The Ninth Circuit held that the judge was entitled to absolute judicial immunity because the summary judgment record, which included the judge's testimony, showed that the judge acted in a judicial capacity when he denied the plaintiff's motion for real-time captioning on the first day of trial, and when he denied a motion for a new

---

[3] The Court notes that defendant's arguments are based on the court minutes and transcripts, and not on the allegations of the FAC.

6

trial based on the failure to provide real-time captioning. *Duvall*, 260 F.3d at 1133-34. The Ninth Circuit held that the court administrator, however, was not entitled to quasi-judicial immunity because there were material disputes of fact as to whether the administrator acted in an administrative capacity when she made decisions about how to accommodate the plaintiff. *See id*. at 1134-35.

*Duvall* shows that the question of judicial immunity in the context of provision of reasonable accommodations to litigants is fact-intensive. Further, "the burden is on the official claiming immunity to demonstrate that public policy requires recognition of an absolute immunity." *Id*. at 1135. The Court finds that defendant's immunity argument is premature and may be renewed upon a fuller factual record if appropriate. In addition, based upon plaintiff's opposition, it does not appear that plaintiff is seeking to hold defendant liable based upon the judges' actions. If the factual record shows that the judges were in fact the individuals who made decisions about plaintiff's accommodations, defendant may seek a finding of judicial immunity if defendant can show that those decisions were judicial in nature. *See id*. at 1133 (stating test for determining whether an act is judicial in nature).

### III. Damages and Injunctive Relief

Defendant contends that plaintiff has not alleged a basis for damages or injunctive relief. To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove that the defendant acted with deliberate indifference. *See id*. at 1138-39. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id*. at 1139. "When the plaintiff has alerted the public entity to his need for accommodation (or where the need is obvious, or required by statute or regulation), the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test." *Id*. "[I]n order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id*.

In *Duvall*, the Ninth Circuit held that there was a triable issue of fact as to deliberate

7

indifference because the plaintiff had submitted evidence showing that the defendants "had notice of his need for the accommodation involved and that they failed despite repeated requests to take the necessary action." *Id*. at 1140. Here, too, plaintiff has alleged that she repeatedly requested real-time captioning, and that defendant failed to take the necessary action to ensure that she was provided with that accommodation. These allegations are sufficient as a pleading matter.

Defendant also argues that plaintiff lacks standing to pursue injunctive relief because plaintiff has not alleged a "real and immediate threat of repeated injury." *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). The FAC does not allege whether there will be any further court appearances in connection with plaintiff's marriage dissolution proceedings. However, plaintiff seeks leave to file a supplemental declaration addressing her need for injunctive relief.[4] Plaintiff's declaration states that she recently requested real-time captioning for an October 16, 2018 small claims court appearance, and the Superior Court failed to provide the requested accommodation. Plaintiff states that she filed a small claims case against her former spouse in the County of Marin, Superior Court, and that approximately 50 days prior to the hearing, she requested real-time captioning. Thayer Decl. ¶ 1 (Dkt. No. 28). She states that approximately one week before the hearing she attempted to check about the status of her request, and she was referred to Ms. Temperani-Moline. *Id*. Plaintiff states that she left Ms. Temperani-Moline two messages, and that Ms. Temperani-Moline sent her e-mails explaining that a telephonic appearance was not possible in small claims, although plaintiff had never requested to appear telephonically. *Id*. Plaintiff states that when she appeared for the hearing on October 16, the matter was transferred to Department H, where she was handed a set of headphones that were unhelpful. *Id*. ¶ 2. Plaintiff asked the Small Claims Court if she could look over the court reporter's shoulder in order to try to understand the proceedings, but that it was difficult to read the small screen. *Id*.

The Court finds that plaintiff's declaration provides a sufficient basis to conclude that plaintiff has standing to pursue injunctive relief.

---

[4] Although the Court's review is generally limited to the four corners of the FAC, in the interest of judicial efficiency the Court will consider plaintiff's declaration as it relates to the need for injunctive relief.

8

## IV. Cal. Civ. Code § 54.8

Defendant moves to dismiss plaintiff's fourth cause of action under the California Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq.* Defendant notes that under that claim, the FAC contains allegations regarding California Civil Code section 54.8. Section 54.8 provides in relevant part that "[i]n any civil or criminal proceeding . . . the individual who is hearing impaired, upon his or her request, shall be provided with a functioning assistive listening system or a computer-aided transcription system." Cal. Civ. Code § 54.8(a). In an unpublished memorandum disposition, the Ninth Circuit has held that there is not a private right of action for a violation of section 54.8. *See Sexton v. County of Santa Clara*, No. 99-17297, 7 Fed. Appx 736, 738 (9th Cir. Apr. 9, 2001) (unpublished).

Plaintiff responds that she is bringing a claim under the California Disabled Persons Act, Cal. Civ. Code section 54.1, and that violations of the ADA are also violations of section 54.1. *See* Cal. Civ. Code §§ 54(c), 54.1(d), 54.2(b); *Hubbard v. SoBreck, LLC*, 554 F.3d 742, 745 (9th Cir. 2009). Plaintiff's opposition brief suggests that plaintiff is not trying to bring a claim for a violation of section 54.8, but rather under section 54.1.

The Court finds that the FAC is ambiguous as to whether plaintiff is seeking to bring a claim directly under section 54.8. To the extent plaintiff is trying to do so, the Court finds that *Sexton* bars that claim.[5]

## CONCLUSION

Accordingly, the Court DENIES defendant's motion to dismiss, except that the Court finds that plaintiff's fourth cause of action may not be predicated upon a violation of California Civil Code section 54.8.

**IT IS SO ORDERED**.

Dated: October 30, 2018

_____
SUSAN ILLSTON
United States District Judge

---

[5] The Court could not locate any other cases addressing this question. Thus, although it is unpublished, *Sexton* appears to be the only case on point.

9